IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOMO BARNETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:24-cv-28 |
| ) | |
| ATTORNEY GENERAL ) | |
| MICHELLE HENRY, *et al.*, ) | |
| ) | |
| Respondents. ) | |

### MEMORANDUM ORDER

On January 31, 2024, Petitioner Jomo Barnett ("Barnett") commenced this civil action in which he seeks a writ of habeas corpus pursuant to 28 U.S.C. §2241. ECF No. 1. Barnett's operative pleading is his amended petition, filed on May 21, 2024, ECF No. [12]. Therein, he alleges discovery violations as well as various constitutional torts related to his underlying state criminal prosecution for drug related offenses, which resulted in his conviction on July 16, 2024.

Respondents filed a motion to dismiss the amended petition on January 27, 2025, ECF No. 16, to which Barnett responded on March 6, 2025. ECF No. 22. The matter has been referred to Chief United States Magistrate Judge Richard A. Lanzillo for a report and recommendation ("R&R") in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Civil Rule 72.

On July 9, 2025, Judge Lanzillo issued an R&R recommending that the Respondents' motion be granted and the amended §2241 petition be dismissed as moot. ECF No. [24]. While acknowledging that a criminal defendant awaiting trial in state court may, in very limited circumstances, seek relief under 28 U.S.C. §2241 *before* judgment has been rendered, Judge Lanzillo explained that a conviction and sentence in state court moots a §2241 petition

challenging pretrial detention. *See* ECF No. 24 at 3 (citing authority). Because Barnett has already been convicted and sentenced on the underlying state charges, Judge Lanzillo concluded that his pending §2241, which challenged his pretrial detention, should be dismissed as moot. However, Judge Lanzillo recommended that the dismissal of this action be without prejudice to Barnett's right to file a timely petition challenging his state court judgment, pursuant to 28 U.S.C. §2254, once all of his relevant claims have been properly exhausted in state court. *Id.* at 4.

Barnett's objections to the R&R were due by July 28, 2025. To date, no objections have been received. Accordingly,

IT IS ORDERED, this 12th day of August, 2025, that the Respondents' Motion to Dismiss, ECF No. [16], is GRANTED, and the within Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241, is hereby DIMISSED without prejudice to the Petitioner's right to file a timely petition challenging his state court judgment, pursuant to 28 U.S.C. §2254, once all of his relevant claims have been properly exhausted in state court.

IT IS FURTHER ORDERED that the Report and Recommendation of Chief Magistrate Judge Richard A. Lanzillo, issued on July 9, 2025, ECF No. [24], is adopted as the opinion of this Court.

Because jurists of reason would not find it debatable that the instant Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 is rendered moot by virtue of the Petitioner's recent conviction and sentencing in Pennsylvania state court, IT IS FURTHER ORDERED that no certificate of appealability shall issue.

As there are no further matters pending before the Court relative to the instant case, the Clerk is directed to mark this civil action "CLOSED."

*signature*

SUSAN PARADISE BAXTER
United States District Judge

3